Lones v. Harris et al.

---

### LONES v. HARRIS ET AL.

1. **Township:** ORGANIZATION: IRREGULARITY AT FIRST ELECTION: SUBSEQUENT ELECTIONS NOT AFFECTED. The board of supervisors has power, under § 379 of the Code, to divide townships and create new ones whenever the public convenience requires it, and the question of the political existence of a new township so created is in no manner affected by any irregularity in the first election of its officers; nor does such irregularity in any way affect the validity of subsequent elections of officers, or of the acts of officers subsequently elected.

*Appeal from O'Brien Circuit Court.*

THURSDAY, MARCH 17.

THIS is an action for recovery of damages caused by an

alleged trespass to personal property. There was a verdict and judgment for plaintiff, and defendants appealed.

*Broadstreet & Boies* and *E. C. Hughes*, for appellants.

*Emmes & Bailey*, for appellee.

REED, J.——The facts alleged as constituting the trespass complained of were the removal of the stays and braces in a stable or shed in which plaintiff stabled a flock of sheep, whereby the building was caused to fall, injuring and destroying the material of which it was constructed, and killing a number of the sheep, and injuring others. The defendants answered that the building, owing to the filthy condition in which it was maintained, was a nuisance, and that the board of health of the township in which it was situated ordered the abatement of said nuisance, and whatever they did in the premises was done in the execution of such order. Plaintiff, in his reply, denied that the township had ever been legally organized, or that the persons who assumed to make the order for the abatement of the alleged nuisance were ever legally constituted as a board of health. The proof showed that the board of supervisors of the county, at its session in April, 1878, entered an order creating the civil township of Lincoln, including therein the congressional township in which the building was situated. This territory was formerly included in Carroll township. The order provided that the first election in the new township should be held on the day of the general election in that year, and designated the place at which it should be held. It also directed the county auditor to issue a warrant for the election, as required by section 386 of the Code, but there was no proof that such warrant was ever issued or served in the manner prescribed by statute. It was shown, however, that an election was held in the township at the time and place designated in the order, and that due return thereof was made by the persons

who assumed to act as judges and clerks. The transaction in question occurred in 1885. The circuit court instructed the jury that the burden of proof, on the question whether the township was legally organized, was on the defendants and, in making out their defense, it was incumbent on them to show the legal organization of the township, and that, to establish that fact, it was essential that they should prove that a warrant for the election, in 1878, was issued by the auditor, and served in the manner prescribed in the statute.

We do not deem it important to enter into the question whether the legality of the organization of the township can be questioned in an ordinary action between private parties, which is brought for the enforcement of a mere private right; for, conceding that the question can be raised in this character of proceedings, we are of the opinion that the question did not properly arise on the evidence in the case. The township was legally constituted by the order of the board of supervisors. That body has the power, and it is its duty, to divide the county into townships, and it has the power to divide townships, and create new ones when the public convenience requires that that be done. Code, § 379. The provisions of sections 386 and 387, with reference to the issuance and service of the warrant, relate solely to the first election in the new township. The question of the existence of the township as a political organization is not at all affected by them. If it should be conceded that the election in 1878 was irregular, or even illegal, it would not follow that those for subsequent years were invalid; for they were held under the general provisions of the statute relating to elections. The persons who assumed to act as a board of health, and who made the order, are presumed to have been elected at subsequent elections. The office of township trustee existed in the township under the statute, and could be filled by the electors at the subsequent elections, whether it had been legally filled before or not. It cannot be essential to the valid-

ity of the action of a public officer to prove that his predecessor in the office was legally elected.

Other questions have been argued by counsel, but we do not deem them sufficiently important to demand consideration.

REVERSED,